UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
KRYSTOPHER S. RAMOS,

                          Plaintiff,                    Case No.

      -against-                                NOTICE OF REMOVAL

CITY OF NEW YORK and METROPOLITAN
TRANSPORTATION AUTHORITY and NEW
YORK CITY TRANSIT AUTHORITY and M.T.A.
POLICE DEPARTMENT,

                          Defendants.
------------------------------------------------------------------------X

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

    **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, defendants METROPOLITAN TRANSPORTATION AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY and M.T.A. POLICE DEPARTMENT ("M.T.A."), by its attorneys, Bee Ready Fishbein Hatter & Donovan, LLP, hereby gives notice of the removal of this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, M.T.A. states as follows:

    1.    M.T.A. is a Defendant in a lawsuit commenced in the Supreme Court of the State of New York, New York County, entitled *Krystopher S. Ramos v. City of New York, et al.*, Index No. 651619/16 (the "State Court Action"). A true and correct copy of all pleadings and process served upon M.T.A. is attached as Exhibit **A**.

    2.    The State Court Action was commenced on March 28, 2016, by filing a copy of the Summons and Complaint with the Clerk of the Supreme Court, New York County. A copy

of the Summons and Complaint was served upon LIRR Law Department on or about August 22, 2016. The attorneys for the Defendant, M.T.A. received the Summons and Complaint on or about August 30, 2016. The M.T.A. served an Answer on or about September 6, 2016.

3. The Complaint alleges that Defendants violated 42 U.S.C. § 1983 by, among other things, falsely arresting Plaintiff and treating Plaintiff with excessive force.

4. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that action arises under the laws of the United States: "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

5. To the extent that not all of the claims asserted in the Complaint are removable on the ground that they "arise under" the laws of the United States, this Court has supplemental jurisdiction over such claim or claims pursuant to 28 U.S.C. § 1367, in that those claims are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue properly lies in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1441(a), because this district embraces the place where this action is pending.

7. This Notice of Removal is being filed within 30 days after service with a copy of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b).

8. M.T.A. does not, by the filing of this Notice of Removal, waive any defenses that may be available to it.

WHEREFORE, M.T.A. respectfully gives this Notice of Removal of the Summons and Complaint now pending against it in the Supreme Court of the State of New York, New York County and has removed that civil action to this Court.

Dated: Mineola, New York
September 6, 2016

BEE READY FISHBEIN HATTER & DONOVAN, LLP

By:_____
Andrew K. Preston (5857)