EXHIBIT "A"

14-0015243-001
AN

TPA-0752

STATE OF NEW YORK
SUPREME COURT          COUNTY OF NEW YORK

ACCEPTED FOR MTA ONLY
M.T.A. General Counsel

KRYSTOPHER S. RAMOS

                                                Plaintiff,

                    -against-

CITY OF NEW YORK and METROPOLITAN
TRANSPORTATION AUTHORITY and NEW
YORK CITY TRANSIT AUTHORITY and M.T.A
POLICE DEPARTMENT

                                                Defendants.

Received
Date: 7/22/16 Time: 3:49pm
Mail ☐       Personal ☐ [illegible]

SUMMONS
Index No: 651619-2016
Date filed: 3/25/16

_To the above named Defendants:_

**YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York.  In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Newburgh, New York
       March 22, 2016

Bruce C. Dunn, Jr. Esq.
Law Office of Bruce C. Dunn, Jr., Esq.
67 South Plank Road
Newburgh, NY 12550
Phone: (845) 304-7382
Facsimile: (845) 477-1125

Pursuant to CPLR 503 (a), venue can be any county designated by the plaintiff as an out of state resident.

8-19-16
Given to K. McCaffrey in person by David Silverberg
@ Transit
KMc

ACCEPTED FOR MTA ONLY

STATE OF NEW YORK
SUPREME COURT       COUNTY OF NEW YORK

KRYSTOPHER S. RAMOS

                                    Plaintiff,

-against-

                                                    COMPLAINT
CITY OF NEW YORK and METROPOLITAN                   Index No: 65 1619-2016
TRANSPORTATION   AUTHORITY   and   NEW
YORK CITY TRANSIT AUTHORITY and M.T.A
POLICE DEPARTMENT

                                    Defendants.

Plaintiff,  Krystopher S. Ramos,  by  his  attorney,  Bruce Dunn, Jr., Esq.,

complaining of defendant, alleges the following upon information and belief:

        1.      At all times hereinafter mentioned, defendant, the City of New York (the

"City"), was a municipal corporation duly organized and existing pursuant to the laws

of the State of New York.

        2.      At  all  times  hereinafter  mentioned,  the  City  maintained  a  police

department.

        3.      Upon information and belief, that at all times relevant hereto, the City

assumed and maintained responsibility, supervision, control, and authority over the

police department, its agents, servants and employees, and is liable to plaintiff for the

acts complained of herein under the theories of vicarious liability and respondeat

superior.

        4.      At all times hereinafter mentioned, defendant, the METROPOLITAN

TRANSPORTATION AUTHORITY (the "MTA"), was a municipal corporation duly

organized and existing pursuant to the laws of the State of New York.

5.     At all times hereinafter mentioned, defendant, the NEW YORK CITY TRANSIT AUTHORITY (the "TRANSIT AUTHORITY"), was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6.     At all times hereinafter mentioned, defendant, the M.T.A. POLICE DEPARTMENT (the "MTA POLICE"), was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

7.     A notice of claim was served upon the City, on March 25, 2015 within 90 days of the occurrence and/or accrual of the cause of action.

8.     More than 30 days have elapsed since presentation of the claim, and the City has failed to adjust and/or dispose of the claim presented therein.

9.     This action is commenced within one year and 90 days of the date of the incident and/or accrual of the cause of action.

10.    The limitations on liability set forth in CPLR §1601 do not apply to this action.

11.    The limitations on liability set forth in CPLR §1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## FIRST CAUSE OF ACTION

12.    Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 8 herein as if more fully set forth at length.

13.    On December 27, 2014, plaintiff was lawfully on the premises of One Penn Plaza, New York, New York, when members of the police department of the City (the "police department") responded to that location.

14.    Plaintiff was, without cause or provocation, falsely arrested and imprisoned at Midtown Precinct South, 357 W 35th St, New York, NY, otherwise

known as Precinct 014 without warrant, authority of law or probable cause therefor.

15.     That the acts and conduct constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefor, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

16.     That plaintiff was conscious of the false arrest and confinement.

17.     That as a direct, sole and proximate result of the false arrest and imprisonment, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income.

18.     As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

19.     As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## SECOND CAUSE OF ACTION

20.     Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 19 herein as if more fully set forth at length.

3

21.     The aforementioned occurrence took place by reason of the negligence of the City and/or the additional named Defendants, its agents, servants and/or employees, including various police officers.

22.     The police officers were careless, reckless and negligent in conducting and performing police duties, including, in part, the negligent use of force in detaining, arresting and confining plaintiff; carelessly, recklessly and negligently investigating the civil complaint leading up to plaintiff's arrest and confinement; violating established rules, procedures and policies; and negligently employing, supervising and training members of the police force.

23.     That as a direct, sole and proximate result of the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees, plaintiff was caused to and did sustain serious, disabling and permanent personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses, and loss of personal and business income.

24.     That plaintiff's injuries and damages were caused solely by reason of the defendants' culpable conduct, as stated herein, without any fault or negligence on the part of plaintiff contributing thereto.

25.     As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

26.     As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

**THIRD CAUSE OF ACTION**

4

27.    Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 26 herein as if more fully set forth at length.

28.    The City and/or the additional defendants maliciously prosecuted criminal charges against plaintiff.

29.    As a result of the foregoing, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income. As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

30.    As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## FOURTH CAUSE OF ACTION

31.    Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 30 herein as if more fully set forth at length

32.    The Defendants, its agents, servants and/or employees, acting under color of law, deprived plaintiff of his state constitutional rights, including the right to due process of law, freedom of speech and security against unreasonable searches and seizures.

33.    That as a result of the foregoing, plaintiff has been injured and damaged in an amount which exceeds the jurisdiction of all lower Courts otherwise having jurisdiction.

## FIFTH CAUSE OF ACTION

5

34.     Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 33 herein as if more fully set forth at length.

35.     The aforementioned occurrence constituted an invasion of the privacy of plaintiff.

36.     That as a result of the foregoing, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income.

37.     As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

38.     As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

**SIXTH CAUSE OF ACTION**

39.     Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 38 herein as if more fully set forth at length.

40.     As a result of the aforementioned occurrence, plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including 42 U.S.C.A. §§ 1981, 1983, 1985 and 28 U.S.C.A. § 1343.

41.     That as a result of the foregoing, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation,

inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income.

42.   As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

43.   As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

WHEREFORE, plaintiff demands judgment against defendant on each of the aforementioned Causes of Action in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought, together with attorneys' fees pursuant to 42 U.S.C.A. § 1988, the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated:  Newburgh, New York
        March 22, 2016

Bruce C. Dunn, Jr. Esq.

7

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ORANGE       )


The undersigned, an Attorney admitted to practice in the Courts of New York State, states, that Affirmant is associated with the LAW OFFICES OF BRUCE C. DUNN, JR., the Attorney for the Plaintiff, that Affirmant has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to Affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters Affirmant believes them to be true.

That the reason why this Verification is made by Affirmant and not by the Plaintiff is because the Plaintiff is not within Orange County where the office of the Attorney is maintained; and that the source of Affirmant's knowledge, and the grounds of belief as to those matters therein stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject of this action, and which are in the possession of the said Attorney.

The undersigned affirms that the foregoing statements are true, pursuant to CPLR Section 3020 (d)(3).


Dated:  Newburgh, New York
        March 22, 2016



                                        Bruce C. Dunn, Jr., Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                    Index No:

KRYSTOPHER S. RAMOS,

                                    Plaintiff,

         -against-

CITY OF NEW YORK and METROPOLITAN
TRANSPORTATION AUTHORITY and NEW
YORK CITY TRANSIT AUTHORITY and M.T.A
POLICE DEPARTMENT,

                                    Defendants.

## SUMMONS AND VERIFIED COMPLAINT

Bruce C. Dunn, Jr., Esq.
Law Office of Bruce C. Dunn, Jr., Esq.
Attorney for Defendants
67 South Plank Road
Newburgh, New York  12550
Telephone: (845) 304-7382

Pursuant to 22 NYCRR 130-1.1, the undersigned, an Attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: March 22, 2016                    Signature.......................................

                                          Print Signer's Name: BRUCE C. DUNN, JR.

Service of a copy of the within Summons and Verified Complaint is hereby admitted.

Dated:

                                          .......................................................
                                          Attorney(s) for Defendant

PLEASE TAKE NOTICE

_____ that the within is a (certified) true copy of a Summons and Verified Complaint entered in the office of
       the Clerk of the within named Court on March      , 2016.

Dated: March 22, 2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
Krystopher S Ramos

                           Plaintiff/Petitioner,

      -against-

City of New York et al

                        Defendant/Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Index No. 651619-2016

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling.** They can serve and file documents in paper form and must be served with documents in paper form. However, an unrepresented litigant may participate in e-filing.

For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts. gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 03/25/2016

_____
Signature

BRUCE CARPENTER DUNN
Name

B. DUNN LAW OFFICE, P.C.
Firm Name

67 South Plank Road
Address

NEWBURGH, NY  12550
City, State, and Zip

(845) 565-4077
Phone

bruce@bdunnlawoffice.com
E-Mail

To:   _MTA Police_

_____

_____

9/3/15

Index #                              Page 2 of 2                              EFM-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------------X   Index No. 651619/2016

KRYSTOPHER S. RAMOS,

Plaintiff,

      -against-                                           ANSWER

CITY OF NEW YORK and METROPOLITAN
TRANSPORTATION AUTHORITY and NEW
YORK CITY TRANSIT AUTHORITY and M.T.A.
POLICE DEPARTMENT,

Defendants.
------------------------------------------------------------------------------X

Defendants, METROPOLITAN TRANSPORTATION AUTHORITY and NEW YORK CITY TRANSIT AUTHORITY and M.T.A. POLICE DEPARTMENT ("MTA"), by their attorneys, BEE READY FISHBEIN HATTER & DONOVAN, LLP, as and for their Answer to Plaintiff's Verified Complaint, set forth as follows:

      1.      Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "1" of the Verified Complaint.

      2.      Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "2" of the Verified Complaint.

      3.      Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "3" of the Verified Complaint.

      4.      Admit as to each and every allegation contained in Paragraph "4" of the Verified Complaint.

      5.      Admit as to each and every allegation contained in Paragraph "5" of the Verified Complaint.

6.    Deny each and every allegation contained in Paragraph "6" of the Verified Complaint.

7.    Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "7" of the Verified Complaint.

8.    Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "8" of the Verified Complaint.

9.    Deny each and every allegation contained in Paragraph "9" of the Verified Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

10.    Deny each and every allegation contained in Paragraph "10" of the Verified Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

11.    Deny each and every allegation contained in Paragraph "11" of the Verified Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

## ANSWERING THE FIRST CAUSE OF ACTION

12.    Repeats and re-alleges each and every admission and denial contained in paragraphs of the Verified Complaint numbered "12" as it relates to paragraphs numbered "1" through "11" with the same force and effect as if fully set forth at length herein.

13.    Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "13" of the Verified Complaint.

14.    Deny each and every allegation contained in Paragraph "14" of the Verified Complaint.

15.     Deny each and every allegation contained in Paragraph "15" of the Verified Complaint.

16.     Deny any knowledge or information sufficient to form a belief as to each and every allegation contained in Paragraph "16" of the Verified Complaint.

17.     Deny each and every allegation contained in Paragraph "17" of the Verified Complaint.

18.     Deny each and every allegation contained in Paragraph "18" of the Verified Complaint.

19.     Deny each and every allegation contained in Paragraph "19" of the Verified Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

20.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the Verified Complaint numbered "20" as it relates to paragraphs numbered "1" through "19" with the same force and effect as if fully set forth at length herein.

21.     Deny each and every allegation contained in Paragraph "21" of the Verified Complaint.

22.     Deny each and every allegation contained in Paragraph "22" of the Verified Complaint.

23.     Deny each and every allegation contained in Paragraph "23" of the Verified Complaint.

24.     Deny each and every allegation contained in Paragraph "24" of the Verified Complaint.

25.     Deny each and every allegation contained in Paragraph "25" of the Verified Complaint.

26.     Deny each and every allegation contained in Paragraph "26" of the Verified Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

27.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the Verified Complaint numbered "27" as it relates to paragraphs numbered "1" through "26" with the same force and effect as if fully set forth at length herein.

28.     Deny each and every allegation contained in Paragraph "28" of the Verified Complaint.

29.     Deny each and every allegation contained in Paragraph "29" of the Verified Complaint.

30.     Deny each and every allegation contained in Paragraph "30" of the Verified Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

31.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the Verified Complaint numbered "31" as it relates to paragraphs numbered "1" through "30" with the same force and effect as if fully set forth at length herein.

32.     Deny each and every allegation contained in Paragraph "32" of the Verified Complaint.

33.     Deny each and every allegation contained in Paragraph "33" of the Verified Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

34.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the Verified Complaint numbered "34" as it relates to paragraphs numbered "1" through "33" with the same force and effect as if fully set forth at length herein.

4

35.     Deny each and every allegation contained in Paragraph "35" of the Verified Complaint.

36.     Deny each and every allegation contained in Paragraph "36" of the Verified Complaint.

37.     Deny each and every allegation contained in Paragraph "37" of the Verified Complaint.

38.     Deny each and every allegation contained in Paragraph "38" of the Verified Complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

39.     Repeats and re-alleges each and every admission and denial contained in paragraphs of the Verified Complaint numbered "39" as it relates to paragraphs numbered "1" through "38" with the same force and effect as if fully set forth at length herein.

40.     Deny each and every allegation contained in Paragraph "40" of the Verified Complaint and respectfully refers all questions of law to the within Court for ultimate determination.

41.     Deny each and every allegation contained in Paragraph "41" of the Verified Complaint.

42.     Deny each and every allegation contained in Paragraph "42" of the Verified Complaint.

43.     Deny each and every allegation contained in Paragraph "43" of the Verified Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44.     Whatever injuries and/or damages plaintiff(s) may have sustained at the time and place alleged in the Verified Complaint, were caused in whole or in part or were contributed to

5

by the it culpable conduct and negligence and/or fault and/or want of care and/or intentional conduct on the part of the plaintiff, including contributory negligence, and without any negligence or fault or want of care on the part of these answering Defendants and that the amount of damages which may be recovered by the Plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45.     Defendant MTA is not subject to an award of exemplary or punitive damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46.     Defendants MTA acted in good faith and with probable cause and justification in the detention, and imprisonment of the Plaintiff and therefore no claim lies against them in the conduct of their duties.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47.     That Defendants MTA enjoy a qualified immunity with respect to those acts that are performed pursuant to their duties and responsibilities as police officers in the State of New York.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48.     Pursuant to the laws of the State of New York, including the Criminal Procedure Law of the State of New York, § 140.05 et. seq., MTA police officers acted reasonably, properly and under the law in the alleged stop, detention and arrest of the Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49.     That the actions of the MTA police officers were justified; and that the use of any force, which is denied by the Defendant MTA, was justified, necessary and reasonable under the law of the State of New York and the circumstances of the arrest and detention.

6

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

50.     That the arrest and detention of the Plaintiff was justified under the Penal Law and Criminal Procedure Law of the State of New York in that the arresting officer had reasonable probable cause for believing that crimes had been committed and that the Plaintiff had committed said crimes.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

51.     That notwithstanding any favorable termination for the criminal proceeding, if any, the Plaintiff was in fact guilty of the offense with which he was charged.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

52.     Under the Court's supplemental jurisdiction pursuant to the law of the State of New York, Plaintiff has failed to state a claim for deprivation of federal rights, malicious prosecution, abuse of process, and excessive force, in whole or in part, upon which relief may be granted.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

53.     That the MTA is not liable for any alleged violations of the Plaintiff's Federal Constitutional rights for the alleged actions of its employees were not the custom, practice, police or procedure of the MTA, and as such the MTA is entitled to dismissal of the Plaintiff=s Verified Complaint pursuant to the authority of *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658 (1978).

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

54.     That these answering defendants acting under the scope, authority and protection of the General Business Law, Article 12(b), Section 218, and that by reason thereof, the Plaintiff may not maintain this action.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

55.     Upon information and belief, any past or future costs and/or expenses incurred or to be incurred by the Plaintiff for medical care, dental care, custodial care or rehabilitation services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in section 4545(c) of the CPLR.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

56.     If any damages are recoverable against the answering Defendants, the amount of such damages shall be diminished by the amount of the funds which Plaintiff has received or shall receive from such collateral source.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

57.     Any injuries suffered by Plaintiff were not caused by a negligent or wrongful act or omission of Defendants or any individual acting under their direction or control.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

58.     Plaintiff's Verified Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

59.     Plaintiff's claims must be dismissed because they are barred by the applicable Statute of Limitations.

## AS AND FOR AN SEVENTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff's claims against all Defendants are frivolous.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

61.     Plaintiff's 42 U.S.C. § 1983 claims fail to state a cause of action and are frivolous.

8

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

62.     Plaintiff's claims are barred on the ground that Plaintiff's conduct violated applicable state criminal laws.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

63.     Any criminal proceeding against Plaintiff commenced or participated in by Defendants was based upon probable cause and was not due to malice.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

64.     At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining Plaintiff.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

65.     If Defendants MTA are held liable in this action, then any possible damages award should be apportioned so that Defendants MTA are not responsible for the wrongdoing of the non- parties that Plaintiff has failed to include in this action.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

66.     Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Verified Complaint.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

67.     Upon information and belief, in the event Plaintiff recovers at time of trial against Defendants MTA, such recovery for non-economic loss shall not exceed Defendants' MTA equitable share determined in accordance with the relative culpability of each person, party and/or entity, which caused or contributed to the total liability for non-economic loss; provided that the liability of the Defendants MTA are found to be fifty percent or less of the total liability of all persons, parties and/or entitles liable.

9

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

68.     Upon information and belief, that the injury or injuries, if any, sustained by the Plaintiff at the time and place, or on the occasion referred to in the Plaintiff's Verified Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts and/or assumption of risk of the Plaintiff, and the damages recoverable by Plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff bears to the culpable conduct which caused the damages.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

69.     Upon information and belief, these answering Defendants MTA are free from any negligence and in no way contributed to the occurrence and injuries referred to in the Plaintiff's Verified Complaint.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

70.     That answering Defendants MTA are entitled to qualified immunity as to any actions alleged since their conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware based upon an objective reasonable assessment of the conduct measured in reference to clearly established law.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

71.     That the Verified Complaint fails to set forth facts sufficient to constitute a deprivation of any constitutional right or other basis for a civil rights claim.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

72.     Upon information and belief, this Court lacks jurisdiction over the subject matter of this cause of action.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

73.     Upon information and belief, this Court lacks jurisdiction over these answering Defendants based upon the allegations in the Verified Complaint.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

74.     That the MTA Police Department is not an entity susceptible to suit. *See, e.g., Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (EDNY 1992).

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

75.     That the answering Defendants, at all times complained of, acted reasonably and in good faith in the discharge of their official duties and responsibilities.

## AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

76.     That the answering Defendants acted in what they did solely pursuant to their duties and responsibilities as law enforcement and/or prosecuting officials.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

77.     That the answering Defendants at all times acted in good faith in that they reasonably believed that they were exercising and acting within their statutory and constitutional powers.

## AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE

78.     That in performing such duties and responsibilities, the answering Defendants are and were protected by absolute and/or qualified Federal and/or State immunity.

## AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE

79.     Plaintiff lacks capacity to bring this suit.

## AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE

80.     Plaintiff lacks standing to bring the instant action.

11

### AS AND FOR A FIRST CROSS-CLAIM AGAINST THE CO-DEFENDANTS, THESE ANSWERING DEFENDANTS ALLEGE

81.     That if the Plaintiff sustained injury and damage as alleged in the Complaint by reason of fault other than his own, and judgment is recovered against these answering Defendants, then the liability of said Defendants will have been brought about by reason of the primary culpable conduct of the Co-Defendants, THE CITY OF NEW YORK, a municipal entity, without any such culpable conduct on the part of these answering Defendants who are thereby entitled to indemnity for all or part of any such judgment and in such amount as shall be determined ultimately at the trial of this action.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST THE CO-DEFENDANTS, THESE ANSWERING DEFENDANTS ALLEGE

82.     That in the event that the Plaintiff's injuries were not caused solely by the primary culpable conduct of Defendants, THE CITY OF NEW YORK, a municipal entity, thus entitling these answering Defendants to indemnification, then the culpable conduct of Co-Defendants, THE CITY OF NEW YORK, a municipal entity, contributed to such injuries.  Thus, pursuant to CPLR 1402 and 1403, these answering Defendants shall have contribution from Co-Defendants, THE CITY OF NEW YORK, a municipal entity, for any amount which they are required to pay in excess of these answering Defendants' equitable share of all parties responsible in such amounts as will be determined by this Court.

**WHEREFORE,** Defendants, METROPOLITAN TRANSPORTATION AUTHORITY and NEW YORK CITY TRANSIT AUTHORITY and M.T.A. POLICE DEPARTMENT demand judgment dismissing the Verified Complaint against it, together with costs and disbursements, and for such other relief as the Court may deem just and proper.

Dated:  Mineola, New York
        September 2, 2016

                                    Respectfully yours,
                                    **BEE READY FISHBEIN
                                    HATTER & DONOVAN, LLP**

                        By:     _____/S/_____
                                    Andrew K. Preston (AP-5857)
                                    *Attorneys for Defendants, METROPOLITAN
                                    TRANSPORTATION AUTHORITY and
                                    NEW YORK CITY TRANSIT AUTHORITY
                                    and M.T.A. POLICE DEPARTMENT*
                                    170 Old Country Road, Ste. 200
                                    Mineola, New York  11501
                                    T. 516-746-5599 – F. 516-746-1045
                                    File No.: 6178-1501

**TO:     LAW OFFICE OF BRUCE C. DUNN, JR., ESQ.**
        *Attorney for Plaintiff*
        67 South Plank Road
        Newburgh, NY 12550
        (845) 304-7382

 

# NYSCEF - New York County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases.  The NYSCEF site has received your electronically filed document(s) for:

**Krystopher S Ramos - v. - City of New York et al**

**651619/2016**

**Assigned Judge: None Recorded**

## Documents Received on   09/06/2016 11:41 AM

| Doc # | Document Type | Motion # |
|---|---|---|
| 3 | ANSWER | |
| | Does not contain an SSN or CPI as defined in 202.5(e) or 206.5(e) | |

## Filing User

Name:   **ANDREW KENNETH PRESTON**
Phone #:   **516-746-5599**   E-mail Address:   **apreston@beereadylaw.com**
Fax #:   Work Address:   **170 Old Country Road**
**Mineola, NY 11501**

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 09/06/2016 11:41 AM :

**Corporation Counsel, Zachary Carter - ECF@law.nyc.gov**

**DUNN, BRUCE CARPENTER - bruce@bdunnlawoffice.com**

**PRESTON, ANDREW KENNETH - apreston@beereadylaw.com**

**NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.**

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956      Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center -  EFile@nycourts.gov**
**Phone: (646) 386-3033     Fax: (212) 401-9146     Website: www.nycourts.gov/efile**