FILED: NEW YORK COUNTY CLERK 03/25/2016 06:26 PM
NYSCEF DOC. NO. 1

INDEX NO. 651619/2016
RECEIVED NYSCEF: 03/28/2016

STATE OF NEW YORK
SUPREME COURT    COUNTY OF NEW YORK

KRYSTOPHER S. RAMOS

                             Plaintiff,

    -against-

CITY OF NEW YORK and METROPOLITAN TRANSPORTATION AUTHORITY and NEW YORK CITY TRANSIT AUTHORITY and M.T.A POLICE DEPARTMENT

                             Defendants.

SUMMONS
Index No:
Date filed:

*To the above named Defendants:*

      **YOU ARE HEREBY SUMMONED** and required to serve upon plaintiff's attorney an answer to the complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Newburgh, New York
       March 22, 2016

                                            Bruce C. Dunn, Jr. Esq.
                                            Law Office of Bruce C. Dunn, Jr., Esq.
                                            67 South Plank Road
                                            Newburgh, NY 12550
                                            Phone: (845) 304-7382
                                            Facsimile: (845) 477-1125

Pursuant to CPLR 503 (a), venue can be any county designated by the plaintiff as an out of state resident.

Exhibit D - 001

STATE OF NEW YORK
SUPREME COURT        COUNTY OF NEW YORK

---

KRYSTOPHER S. RAMOS

                               Plaintiff,

-against-
                                         COMPLAINT
                                         Index No:

CITY OF NEW YORK and METROPOLITAN TRANSPORTATION AUTHORITY and NEW YORK CITY TRANSIT AUTHORITY and M.T.A POLICE DEPARTMENT

                               Defendants.

---

Plaintiff, Krystopher S. Ramos, by his attorney, Bruce Dunn, Jr., Esq., complaining of defendant, alleges the following upon information and belief:

1. At all times hereinafter mentioned, defendant, the City of New York (the "City"), was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

2. At all times hereinafter mentioned, the City maintained a police department.

3. Upon information and belief, that at all times relevant hereto, the City assumed and maintained responsibility, supervision, control, and authority over the police department, its agents, servants and employees, and is liable to plaintiff for the acts complained of herein under the theories of vicarious liability and respondeat superior.

4. At all times hereinafter mentioned, defendant, the METROPOLITAN TRANSPORTATION AUTHORITY (the "MTA"), was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

Exhibit D - 002

5. At all times hereinafter mentioned, defendant, the NEW YORK CITY TRANSIT AUTHORITY (the "TRANSIT AUTHORITY"), was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

6. At all times hereinafter mentioned, defendant, the M.T.A. POLICE DEPARTMENT (the "MTA POLICE"), was a municipal corporation duly organized and existing pursuant to the laws of the State of New York.

7. A notice of claim was served upon the City, on March 25, 2015 within 90 days of the occurrence and/or accrual of the cause of action.

8. More than 30 days have elapsed since presentation of the claim, and the City has failed to adjust and/or dispose of the claim presented therein.

9. This action is commenced within one year and 90 days of the date of the incident and/or accrual of the cause of action.

10. The limitations on liability set forth in CPLR §1601 do not apply to this action.

11. The limitations on liability set forth in CPLR §1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

### FIRST CAUSE OF ACTION

12. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 8 herein as if more fully set forth at length.

13. On December 27, 2014, plaintiff was lawfully on the premises of One Penn Plaza, New York, New York, when members of the police department of the City (the "police department") responded to that location.

14. Plaintiff was, without cause or provocation, falsely arrested and imprisoned at Midtown Precinct South, 357 W 35th St, New York, NY, otherwise

known as Precinct 014 without warrant, authority of law or probable cause therefor.

15. That the acts and conduct constituting the false arrest and false imprisonment consisted in part of the following: unlawfully and intentionally detaining and confining plaintiff against his will and without his consent; unlawfully and intentionally detaining and confining plaintiff without privilege, probable cause or valid legal process; unlawfully detaining and confining plaintiff through the unlawful arrest of plaintiff; unlawfully detaining and confining plaintiff through the use of force; unlawfully arresting plaintiff and placing plaintiff in handcuffs without reasonable cause therefor, and committing such other acts resulting in the unlawful arrest and imprisonment of plaintiff.

16. That plaintiff was conscious of the false arrest and confinement.

17. That as a direct, sole and proximate result of the false arrest and imprisonment, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income.

18. As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

19. As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

## SECOND CAUSE OF ACTION

20. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 19 herein as if more fully set forth at length.

3

Exhibit D - 004

21. The aforementioned occurrence took place by reason of the negligence of the City and/or the additional named Defendants, its agents, servants and/or employees, including various police officers.

22. The police officers were careless, reckless and negligent in conducting and performing police duties, including, in part, the negligent use of force in detaining, arresting and confining plaintiff; carelessly, recklessly and negligently investigating the civil complaint leading up to plaintiff's arrest and confinement; violating established rules, procedures and policies; and negligently employing, supervising and training members of the police force.

23. That as a direct, sole and proximate result of the carelessness, recklessness and negligence of the defendant, its agents, servants and/or employees, plaintiff was caused to and did sustain serious, disabling and permanent personal injuries, pain and suffering, humiliation and embarrassment, emotional and mental distress, inconvenience, medical expenses, and loss of personal and business income.

24. That plaintiff's injuries and damages were caused solely by reason of the defendants' culpable conduct, as stated herein, without any fault or negligence on the part of plaintiff contributing thereto.

25. As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

26. As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

### THIRD CAUSE OF ACTION

4

Exhibit D - 005

27. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 26 herein as if more fully set forth at length.

28. The City and/or the additional defendants maliciously prosecuted criminal charges against plaintiff.

29. As a result of the foregoiong, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income. As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

30. As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

### FOURTH CAUSE OF ACTION

31. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 30 herein as if more fully set forth at length

32. The Defendants, its agents, servants and/or employees, acting under color of law, deprived plaintiff of his state constitutional rights, including the right to due process of law, freedom of speech and security against unreasonable searches and seizures.

33. That as a result of the foregoing, plaintiff has been injured and damaged in an amount which exceeds the jurisdiction of all lower Courts otherwise having jurisdiction.

### FIFTH CAUSE OF ACTION

5

Exhibit D - 006

34. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 33 herein as if more fully set forth at length.

35. The aforementioned occurrence constituted an invasion of the privacy of plaintiff.

36. That as a result of the foregoing, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation, inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income.

37. As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

38. As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

### SIXTH CAUSE OF ACTION

39. Plaintiffs repeat, reiterate and reallege the allegations contained in paragraphs 1 through 38 herein as if more fully set forth at length.

40. As a result of the aforementioned occurrence, plaintiff was deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including 42 U.S.C.A. §§ 1981, 1983, 1985 and 28 U.S.C.A. § 1343.

41. That as a result of the foregoing, plaintiff was caused to and did sustain humiliation and embarrassment, emotional and mental distress, moral and mental degradation, indignity and disgrace, injury to personal and business reputation,

inconvenience, disturbance and disruption of life, legal expenses, and loss of personal and business income.

42.   As a result of the foregoing, plaintiff sustained severe and serious personal injuries and other consequential damages.

43.   As a result of the foregoing, plaintiff has been damaged in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

WHEREFORE, plaintiff demands judgment against defendant on each of the aforementioned Causes of Action in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought, together with attorneys' fees pursuant to 42 U.S.C.A. § 1988, the costs and disbursements of this action, and such other and further relief as the Court deems just and proper.

Dated: Newburgh, New York
       March 22, 2016

_____
Bruce C. Dugan, Jr. Esq.

7

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF ORANGE       )

    The undersigned, an Attorney admitted to practice in the Courts of New York State, states, that Affirmant is associated with the LAW OFFICES OF BRUCE C. DUNN, JR., the Attorney for the Plaintiff, that Affirmant has read the foregoing Verified Complaint and knows the contents thereof, and that the same is true to Affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters Affirmant believes them to be true.

    That the reason why this Verification is made by Affirmant and not by the Plaintiff is because the Plaintiff is not within Orange County where the office of the Attorney is maintained; and that the source of Affirmant's knowledge, and the grounds of belief as to those matters therein stated to be alleged on information and belief are correspondence and investigations which have been made concerning the subject of this action, and which are in the possession of the said Attorney.

    The undersigned affirms that the foregoing statements are true, pursuant to CPLR Section 3020 (d)(3).

Dated: Newburgh, New York
       March 22, 2016

                                              Bruce C. Dunn, Jr., Esq.

Exhibit D - 009

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK                                                Index No:

KRYSTOPHER S. RAMOS,

                                  Plaintiff,

    -against-

CITY OF NEW YORK and METROPOLITAN
TRANSPORTATION AUTHORITY and NEW
YORK CITY TRANSIT AUTHORITY and M.T.A
POLICE DEPARTMENT,

                                  Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**Bruce C. Dunn, Jr., Esq.**
**Law Office of Bruce C. Dunn, Jr., Esq.**
**Attorney for Defendants**
**67 South Plank Road**
**Newburgh, New York  12550**
**Telephone:  (845) 304-7382**

Pursuant to 22 NYCRR 130-1.1, the undersigned, an Attorney admitted to practice in the Courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: March 22, 2016                          Signature.............................................

                                                          Print Signer's Name: BRUCE C. DUNN, JR.

Service of a copy of the within Summons and Verified Complaint is hereby admitted.

Dated:

                                                     ........................................................
                                                     Attorney(s) for Defendant

PLEASE TAKE NOTICE

    ___ that the within is a (certified) true copy of a Summons and Verified Complaint entered in the office of the Clerk of the within named Court on March        , 2016.

Dated:  March 22, 2016

Exhibit D - 010